HUNTINGTON NAT. BK. v. REMINGTON et.

Ohio Appeals, 4th Dist., Meigs Co.

Decided Jan. 10, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

1271. WILLS AND LEGACIES—1197. Trusts and Trustees.

1. Where paragraphs in different items of will are in conflict, one paragraph may be disregarded in order to carry out intention of testator.

2. Where one paragraph in item is idsregarded, paragraphs in same item may remain effective.

Heard on Appeal.

Arnold, Wright & Harlor, Columbus, for Bank.

D. Curtis Reed and Peoples & Peoples, Pomeroy, for Remington et.

STATEMENT OF FACTS.

In this action the plaintiff, trustee under the will of Benjamin R. Remington, deceased, seeks a construction of that will. The will was executed July 10, 1925. The testator died February 5, 1926, leaving Frederick Randall Remington, a son, his sole issue. Mr. Remington's wife died insane in 1922. The son Frederick, now thirty-seven years old, has not been adjudged insane but is so in fact, and had been detained in a private sanitarium of his father's selection for some nine years preceding his father's death and is now so detained, and there is no expectation of his recovery. Minnie Utnahmer was the testator's housekeeper after the mother's commitment to a state hospital and cared for and nursed Frederick from his infancy until his detention became necessary. The estate is valued at more than $60,000, practically all in real estate. Prior to making the will in question, the testator had a will substantially embodying all the provisions as found in the first three items of his last will, and, following a conference with the officers of the plaintiff trustee, executed his last will which, in addition to the provisions of the former will, undertook to create the trust now being executed by the plaintiff. The second item of the will contained four paragraphs. The first gives the housekeeper a right to certain real estate together with some household goods. The second provides that the housekeeper shall visit the son as often as she desires at the expense of the estate. The third provides for the maintenance of the residence as a home for the son and the housekeeper, and for the payment to the housekeeper of $25.00 per month during her life. The fourth paragraph reads as follows:

"The remainder of my estate, both real and personal, I give and bequeath to my only son and child, Frederick Randall Remington."

The fourth item of the will reads as follows:

"I devise and bequeath the residue and remainder of my estate, real and personal, to The Huntington National Bank of Columbus, Ohio, as trustee with the following power;" etc.

The powers are to provide for Frederick's maintenance out of either the income or corpus of the estate; to manage, sell and reinvest at trustee's discretion, and, at Frederick's death, to distribute the corpus of the estate among beneficiaries thereafter designated in item five.

The petition first seeks a determination of the validity of the trust thus sought to be created, and the next inquiry goes to the power of the trustee to sell the real estate of the testator.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

MAUCK, J.

We find that the trust is a valid one. We are cognizant of the fact that, in the second

item, the residue of the estate is devised to Frederick outright and that in the fourth item such residue is devised to the plaintiff trustee. The trust so created is, however, primarily for the benefit of Frederick. The apparent conflict is accounted for by the fact that the testator used the form of his older will and attempted to follow that with the terminology necessary to create the trust. He knew that his son's condition was practically hopeless; that he could enjoy the estate only to the extent of having his maintenance therefrom and so undertook to employ a trustee to practically accomplish for his son's benefit all that that son could realize out of full possession of the estate and with less trouble and expense. The last sentence of item second must yield to item four and we find that the last sentence of the second item must be and is read out of the will.

The next inquiry goes to the power of the trustee to sell the real estate of the testator. The power to sell generally is unequivocal. The power, however, has some special limitations. While we find it necessary to hold that the last sentence of the second item, assuming to make Frederick the residuary legatee, is ineffective because of the subsequent disposition of that residue, we cannot ignore the other provisions of that item unless subsequent provisions imperatively require it. Now the subsequent provisions not only do not require us to ignore the first provisions of item second but they, on the contrary, imperatively require us to enforce those provisions. The fourth item does not devise all the estate of the testator to the plaintiff but only "the residue and remainder of my estate." What residue and what remainder? Clearly that remainder after the satisfaction of the provisions of item two. The trustee is, therefore, empowered to sell the estate in remainder in "the one story cottage on lot 189" subject to the life estate therein of Minnie Utnahmer, but cannot divest Minnie Utnahmer of her life estate.

As to the property described as the testator's residence the purpose of the testator was that so long as Frederick and Minnie Utnahmer should both live there was a possibility that Frederick might return home. Our determination is that the residence cannot be sold so long as both of them live and that it can be sold after the death of either of them.

For the reasons already expressed, Minnie Utnahmer is entitled to $25.00 per month to be paid during her life, by the trustee.

A decree will be drawn by counsel in accordance herewith.

(Middleton, PJ., and Thomas, J., concur.)